# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| KENNETH KIM | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| ADIENT US LLC | ) |
| | ) |
| Defendant. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Kenneth Kim (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant ADIENT US LLC (hereinafter "ADIENT") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of his lawful overtime wages.

2. Defendant employed Plaintiff as a quality engineer at its store at West Point Facility at 1700 South Progress Parkway West Point, Troup County, Georgia 31833 ("ADIENT's West Point Location).

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Auburn, Alabama.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

9. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendant.

10. Defendant conducts business within this State and District.

11. Defendant ADIENT is Foreign Limited Liability Company formed under the laws of the State of Michigan and registered with the Corporations Division of GEORGIA SECRETARY OF STATE.

12. Defendant ADIEN's West Point Facility is located within this District at 1700 South Progress Parkway West Point, Georgia 31833.

13. Defendant AIDEN is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CT CORPORATION SYSTEM at 1201 PEACHTREE ST NE, Fulton, ATLANTA, GA, 30361.

14. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Defendant.

15. At all times material to this action, Defendant AIDEN was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA

17. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA applies to Defendant.

## ACTUAL ALLEGATIONS

19. Upon information and belief, Defendant ADIENT is a global leader in automotive seating, producing and delivering automotive seating for all vehicle classes.

20. Defendants employed Plaintiff as a quality engineer on or about June, 2016 and he is still so employed.

21. Upon information and belief, Defendants compensated Plaintiff on a salary basis.

22. Defendant routinely required Plaintiff to work in excess of forty hours per week during the time relevant to this action.

23. At all times relevant to this action, Defendant did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

24. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff during the time period relevant to this action.

25. Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

26. Plaintiff is entitled to compensation for any and all time worked in excess of 40 hours per work week at the rate of at least one and one-half times his rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

27. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendant's failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

30. Plaintiff demands a jury trial.

## COUNT I

31. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

32. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

33. Defendant has not made a good faith effort to comply with the FLSA with respect to its minimum wage and overtime compensation of Plaintiff.

34. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

35. As a result of the unlawful acts of Defendant, Plaintiff has been deprived overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 17th day of March, 2017.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax