UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **KENNETH KIM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Number 3:17-cv-36-TCB |
| | ) |
| **ADIENT US LLC,** | ) Jury Trial Demanded |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ORDER APPROVING CASE RESOLUTION**

Plaintiff Kenneth Kim ("Plaintiff"), and Defendant Adient US LLC ("Defendant"), in support of their Joint Motion for Order Approving Case Resolution, state as follows:

### I.    Introduction

On August 25, 2017, the Parties engaged in a full-day mediation, through which they agreed to resolve Plaintiff's claims asserted in this lawsuit. The Parties now seek the Court's approval of that proposed resolution.[1]

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to

---

[1] The Parties' Agreement is attached hereto as Exhibit A.

1

recover back wages for FLSA violations," the parties must present any proposed resolution to the district court, which may enter a stipulated judgment after scrutinizing the terms of the resolution for fairness. *Id.* at 1353. Below, the parties explain why the Court should approve their agreed-upon resolution under the procedures and standards set forth in *Lynn's Food Stores* and the FLSA.

## II. Facts & Procedural History

Plaintiff worked as a Quality Engineer for Defendant from June 21, 2016, until he went on a leave of absence in February 2017, i.e. for 33 weeks. Plaintiff resigned from the role, effective July 24, 2017.

In this lawsuit, Plaintiff alleges that Defendant violated the FLSA with respect to his employment, and that Defendant owes him back wages as a result. (Dkt. No. 1). Specifically, Plaintiff claims that Defendant improperly classified him as an "exempt" employee. He claims that he should have been considered a "non-exempt" employee, and therefore paid time and one-half for his hours worked over 40 each week.

Defendant maintains that Plaintiff's Quality Engineer role fell within both the "learned professional" and "administrative" exemptions of the FLSA. As to the learned professional exemption of the FLSA, 29 U.S.C. § 213(a)(1), Defendant argues that Plaintiff fell within the exemption because he was compensated on a salary basis at a rate of not less than $455 per week, his primary duty was the

performance of work requiring advanced knowledge in the field of engineering, that is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment. Defendant argues also that the administrative exemption of the FLSA, 29 U.S.C. § 213(a)(1), applied to Plaintiff's Quality Engineering role because Plaintiff was compensated on a salary basis at a of rate not less than $455 per week, his primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant and/or its customers, and his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

### III. The Court Should Approve the Parties' Agreed Upon Resolution of this Case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1353, 1355. In *Lynn's Food Stores,* the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1.   Was it achieved in an adversarial context?

2.   Was the Plaintiff represented by attorneys who can protect their rights?

3.  Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.  Analysis of the *Lynn's Food Stores* factors above illustrates that the Parties' proposed case resolution should be approved.

The resolution was reached through adversarial, arm's length negotiations.  On August 25, 2017, the Parties participated with their counsel in a full-day mediation.  The counsel who attended on behalf of each Party, Thomas Martin of Martin & Martin for Plaintiff and Hillary Klein of Husch Blackwell LLP for Defendant, each specialize in employment law, each have more than 10 years of experience, and each have litigated numerous FLSA cases.

At the mediation, counsel for the Parties communicated directly, and through the mediator, about their respective positions.  The Parties exchanged relevant records and information necessary for the parties to evaluate the breadth of Plaintiff's claims and Defendant's defenses, and discussed their legal theories.  Through this process, they reached a mutually agreed-upon resolution that will compensate Plaintiff an amount for back pay that is reasonable based on the facts and legal arguments of the parties.

To explain, Plaintiff worked for only 33 weeks.  Because Defendant expected Plaintiff to report any hours worked over 45, Defendant believes the most that Plaintiff would be able to recover for overtime in any week is 5 hours.

4

Assuming use of a fluctuating workweek method to calculate his back pay, and assuming he worked five hours of overtime each of 20 out of the 33 weeks, Plaintiff's back wages would be $1,688. The agreed-upon figure of $1,700 for payment to Plaintiff of alleged but disputed back wages is a round number close to that $1,688 figure. Defendant also agreed to pay an additional amount, $700.00, to Plaintiff's counsel for his costs and fees. Of course, if this matter proceeded to trial, Defendant would argue that Plaintiff is entitled to nothing (as Defendant maintains he was exempt) and Plaintiff would argue he was entitled to a much higher amount of back wages (as Plaintiff claims to have worked many more than five hours of overtime, and claims that he worked overtime more than 20 of the 33 weeks).

## IV.   Conclusion

The foregoing demonstrates that the resolution for which the parties seek the Court's approval was, indeed, achieved in an adversarial context by attorneys who can protect the Parties' rights, and is a fair and reasonable comprise of disputed issues. As such, the Parties hereby request that the Court grant the parties' Joint Motion for Order Approving Case Resolution.

Respectfully submitted this 24th day of October, 2017.

        MARTIN & MARTIN, LLP

By: /s/Thomas F. Martin
Thomas F. Martin, GA Bar No. 482595
tfmartinlaw@msn.com
Kimberly N. Martin, GA Bar No. 473410
kimberlymartinlaw@gmail.com
Post Office Box 1070
Tucker, Georgia 30085
404. 313-5538 Phone
770.837.2678 Fax
*Counsel for Plaintiff*

And

HUSCH BLACKWELL LLP

By: /s/K. Chris Collins
K. Chris Collins, GA Bar No. 637828
chris.collins@huschblackwell.com
Hillary L. Klein, (*PHV Pending*)
hillary.klein@huschblackwell.com
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.757.5950
423.266.5499 (fax)
*Counsel for Defendant*

6

## **CERTIFICATE OF SERVICE**

By signing below, I hereby certify that on this 24th day of October, 2017, I filed the foregoing document via the Court's CM/ECF system, which will cause service to be made upon all counsel of record.

                                      /s/K. Chris Collins
                                      *Attorney for Defendant*

# EXHIBIT A

*K*

## SETTLEMENT AGREEMENT, RELEASE, AND WAIVER OF CLAIMS

This is a SETTLEMENT AGREEMENT, RELEASE, AND WAIVER OF CLAIMS ("Agreement") by and between Plaintiff Kenneth Kim ("Kim" or "Plaintiff") and Defendant Adient US LLC ("Adient" or "Defendant") (Plaintiff and Defendant are collectively referred to as "the parties").

WHEREAS, this FLSA Settlement Agreement resolves the Fair Labor Standards Act claim that Plaintiff asserted in Case No. 3:17-cv-36-TCB, which is pending in the United States District Court for the Northern District of Georgia ("Pending Lawsuit");

WHEREAS, the parties agree that Plaintiffs' FLSA claim was contested in nature: Adient denied and continues to deny that the Pending Lawsuit has merit;

WHEREAS, in an effort to avoid the expense and hassle of litigation, the parties have agreed to resolve the Pending Lawsuit. The agreement extends to any and all claims, demands, and/or causes of action ("claims") Plaintiff asserted or could have asserted pursuant to the FLSA regarding his employment with Adient and/or its predecessor, Johnson Controls International plc, Johnson Controls, Inc. ("Johnson Controls"), including but not limited to any and all FLSA claims Plaintiff asserted or could have asserted in the Pending Lawsuit, and including but not limited to any and all FLSA claims Plaintiff has, or may have had, against Adient, Johnson Controls, and/or any Company Affiliate. As used in this Agreement, the term "Company Affiliate" shall include any and all past, present or future parent entities, subsidiaries, divisions, affiliates or related business entities, successors, assigns, assets, and employee benefit plans or funds of Adient and/or Johnson Controls, and any and all other persons and/or entities currently and/or formerly affiliated with or related to Adient and/or Johnson Controls, including but not limited to any and all past, present and/or future owners, directors, officers, fiduciaries, agents, trustees, administrators, attorneys, employees, insurers, shareholders, and assigns, whether acting on behalf of Adient and/or Johnson Controls or in their individual capacities.

NOW, THEREFORE, the parties agree as follows:

1. **Defendant's Agreement**. Adient agrees to issue the following checks within 30 days of the Effective Date:

    (a) A check to Plaintiff in the amount of $1700.00, less applicable deductions and withholdings in accordance with Plaintiff's most recent Form W-4, but with no additional fringe benefits to be paid based on this amount, which amount represents Plaintiff's claimed but disputed lost wages and which amount Adient will include on Plaintiff's W-2.

    (b) A check to Plaintiff's counsel, Thomas Martin, c/o Martin & Martin, LLP, in the amount of $700.00, which sum represents compensation for attorney's fees accrued by Plaintiff in this action and which amount Adient will include on a Form 1099 to Thomas Martin.

2. **Plaintiff's Agreements**. Plaintiff agrees as follows:

KCP-8237171-1

1

(a) To the maximum extent permitted by law and without reservation or exception, Plaintiff hereby **RELEASES AND FOREVER DISCHARGES** Adient, Johnson Controls, and each and every Company Affiliate from any and all Fair Labor Standards Act claims, known or unknown, suspected or unsuspected, that he and/or anyone acting on his behalf now holds or owns or has at any time before this date held or owned related to his employment with Adient.

(b) Within five days of receiving the checks referenced in paragraph 1, Plaintiff will dismiss with prejudice the Pending Lawsuit.

3. <u>Additional Agreements</u>. In addition to the foregoing, the parties agree as follows:

(a) Neither the existence of this Agreement nor anything contained in this Agreement shall constitute an admission of any liability on the part of Adient and/or any Company Affiliate with respect to any claim by Plaintiff, the existence of which liability is expressly denied.

(b) Should any provision of this Agreement be declared or determined by a court of competent jurisdiction to be invalid or otherwise unenforceable, the remaining parts, terms and provisions shall continue to be valid, legal and enforceable, and will be performed and enforced to the fullest extent permitted by law.

(c) This Agreement shall become final and binding upon execution by both parties and approval by the Court ("Effective Date").

(d) This Agreement shall be construed in accordance with the laws of the State of Georgia.

(e) This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute together one and the same Agreement.

(f) The parties shall be considered joint authors and no provision shall be interpreted against any party because of alleged authorship.

KCP-8237171-1

2

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year indicated below.

Date: 10/23/2017          _____/s/ Kenneth Kim_____
                          Kenneth Kim


Date: _____      _____
                          Adient US LLC

KCP-8237171-1

3